United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHEBANK,<br><br>        Plaintiff,<br><br>    v.<br><br>MARIO LOPEZ et al.,<br><br>        Defendants.<br>_____/ | No. C 10-0052 JL<br><br>**Referral for Reassignment with Recommendation that IFP Application be denied and case be remanded to State court** |

    Before this Court is the application of Defendant Mario Lopez to proceed in forma paupers ("IFP") without the payment of fees.

    This is an unlawful detainer action, originally filed at PS 09-2294, in November 2009 in Superior Court in Pittsburg (Contra Costa County). Defendant rents a house in Oakley. The house was sold at foreclosure sale and the Plaintiff bank took possession in July 2009 and Defendant was served with a 90-day Notice to Quit. He filed a number of pleadings in state court and then removed the action to federal court on January 6, 2010 on the basis of diversity of citizenship.

    Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for

summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)).

Defendant contends that Plaintiff is of German citizenship, and that he is a citizen of California. As local defendants, it would appear that the Mr. Lopez and the other unnamed defendants do not have the right to remove this action to federal court. 28 U.S.C. § 1441(b) (stating that an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). However, as a procedural requirement, a federal court cannot remand sua sponte on this basis. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir.2006).

Federal jurisdiction based on diversity requires not only that the opposing parties be citizens of different states, but also that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Furthermore, a review of the complaint shows that it specifies that the "amount demanded does not exceed $10,000.00," or at most $25,000 - (see Ex. A to Notice of Removal, Civil Case Cover Sheet and Caption of Complaint). Plaintiff seeks possession of the premises, costs of suit and any further relief the Court deems proper. (*Id.* at p. 3 of Complaint) Consequently, it is apparent from the face of the complaint that it also fails to meet this court's jurisdictional requirement under § 1332(a), and this court lacks subject-matter jurisdiction.

Because Defendants have yet to consent to the undersigned's jurisdiction, under 28 U.S.C. §636(c), this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly assigned judge (1) summarily remand the case to Contra Costa County Superior Court; and (2) deny as moot, without prejudice, Defendant's applications to proceed in forma pauperis. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

IT IS SO ORDERED.

DATED: January 28, 2010

_____
James Larson
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\10-0052 Ref.Reassign - rec. deny IFP.wpd